FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 2 5 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TAYANIKA MATTOS & BLACK DOG
FINANCIAL INC.,

**OPINION & ORDER**

**No. 16-cv-5390 (NG) (SMG)**

Plaintiffs,

- against -

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE & OFFICE
OF THE ATTORNEY GENERAL,

Defendants.
-----------------------------------------------------------------x
GERSHON, United States District Judge:

Plaintiffs Tayanika Mattos and Black Dog Financial Inc. ("Black Dog") bring suit seeking

to enjoin the New York State Department of Taxation and Finance ("Department of Taxation")

and the Office of the Attorney General of the State of New York ("Attorney General's Office")

from pursuing collection activities against her for outstanding tax penalties. Plaintiff alleges that

the collection activities violate her right to due process. Defendants move to dismiss the complaint

in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons

set forth below, defendants' motion is granted.[1]

I.      Introduction

Plaintiff resides in Georgia and owns Black Dog, a for profit corporation that earns its

income by preparing tax returns for low-income residents of New York and Georgia. The

---

[1]      Plaintiff submitted two opposition briefs (dated February 10, 2017 and April 7, 2017) to
defendants' motion to dismiss, which are substantially the same. Defendants argue that I should
not consider the second opposition brief because it was filed without leave of the court.
However, even if I were to consider this document, I would nonetheless grant defendants'
motion.

Department of Taxation fined plaintiff approximately $300,000 for submitting inaccurate and fraudulent tax forms in 2010 and 2011 for certain taxpayers for whom she prepared returns.

According to plaintiff, prior to January of 2013, her registered address with the Department of Taxation was 1715 Leigh Meadow Dr., Dacula, GA 30019. In January of 2013, plaintiff claims she registered her new address with the Department of Taxation, as required in order to prepare and file tax returns for plaintiff's clients. This new address also is in Georgia. This dispute arises from letters the Department of Taxation sent to plaintiff in January and February of 2013, which informed plaintiff of the alleged fraud and stated that she had 90 days to respond. Plaintiff did not learn of these letters at that time, however, because they were sent to her prior address and were not forwarded to her new address. After plaintiff failed to respond, the Department of Taxation proceeded with collection activities. In May of 2014, plaintiff checked her credit report and she learned of the default judgment entered against her. She contacted the Department of Taxation and it sent her the letters that it had originally sent in January and February of 2013. The Department of Taxation told her that the letters were returned to sender because of the faulty address. Plaintiff maintains that the Department of Taxation already had her new address when it sent her the original letters.

Upon learning of the fraud allegations, plaintiff sent the Department of Taxation a letter explaining why the claims were incorrect and demanded that the fraud accusations be dropped and all collection activities cease. The Department of Taxation denied this request. Plaintiff then requested a "Conciliation Conference" for the opportunity to be heard on the fraud allegations. This request was denied as untimely. On February 17, 2015, the Department of Taxation seized all the money from plaintiff's personal bank account to collect on the default judgment.

Plaintiff argues that this seizure violated due process because she never had an opportunity to contest the fraud allegations, and she seeks a preliminary injunction against the defendants enjoining them from any and all collection activities. Defendants have moved to dismiss.

## II.     Discussion

### A.     Department of Taxation's Immunity

The Eleventh Amendment states that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. State sovereign immunity extends beyond the state itself to "state agents and state instrumentalities that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. School Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (internal quotation omitted). Therefore, the Eleventh Amendment bars suits against states and their agencies for both money damages and injunctive relief unless the State has waived immunity or Congress has abrogated it. *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001). However, the Eleventh Amendment does not preclude suits against state officers acting in their official capacities for prospective injunctive relief to prevent a continuing violation of federal law. *See Steinberg v. Elkman*, 666 Fed. Appx. 26, 27 (2d Cir. 2016) (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)).

Though plaintiff does not state the avenue through which she is suing for the alleged violation of her due process rights, I assume she is doing so pursuant to 42 U.S.C. § 1983. However, as to suits pursuant to Section 1983, Congress did not abrogate state sovereign immunity, and New York has not waived it. *See id.* Because the Department of Taxation is an agency of the State, it is insulated from suit by the Eleventh Amendment. *See Walker v. New York*, 150 Fed. Appx. 28, 30 (2d Cir. 2005) (dismissing suit on Eleventh Amendment immunity grounds

as to the Department of Taxation). Plaintiff "does not name any state official as a defendant so as to present a possible exception to the Eleventh Amendment immunity pursuant to *Ex parte Young.*" *Id.*; *see Palmer v. New York State Off. of Court Admin.*, 526 Fed. Appx. 97, 99 (2d Cir. 2013) ("[Plaintiff's] claim for prospective injunctive relief. . . fails because she neglected to name a state official acting in his or her official capacity."). Accordingly, the claims against the Department of Taxation are dismissed.

"To the extent the plaintiff is seeking . . . injunctive relief against the New York State Attorney General in this case, the Eleventh Amendment would not be a bar to h[er] constitutional claim." *Burke v. Metro. Transp. Auth.*, 2009 WL 4279538, at *3 (S.D.N.Y. Dec. 1, 2009). However, as discussed below, plaintiff fails to state a claim as to the Attorney General's Office. *See Carr v. State of New York*, 2016 WL 3636675, at *5 (S.D.N.Y. June 29, 2016) ("Although a claim for injunctive relief might theoretically be brought against [the Attorney General], Plaintiff's claim would still fail to survive a motion to dismiss under Rule 12(b)(6).") (internal citation omitted).

### B. Failure to State a Claim as to the Attorney General's Office

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all well-pleaded factual allegations and must draw all inferences in plaintiff's favor. *Swiatkowski v. Citibank*, 446 Fed. Appx. 360, 360-61 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff's complaint contains no allegations as to the Attorney General's Office. In fact, the only time the complaint mentions the Attorney General's Office is when it is identified as a party. *See* Compl. at ¶ 7. All of plaintiff's allegations concern actions taken by the Department of Taxation, which is reinforced by the fact that all of the exhibits plaintiff attaches to her complaint are correspondences between plaintiff and the Department of Taxation—not the Attorney General's Office. *See Carr*, 2016 WL 3636675, at \*5 ("The only factual allegations about the Attorney General is that Plaintiff complained to the Attorney General to recover money from the sale of the Property and the Attorney General's office responded that it was forwarding Plaintiff's correspondence to the Consumer Frauds Bureau. Even under the most liberal reading of the facts, these allegations cannot be cured by amendment.").

Accordingly, defendants' motion is granted as to the Attorney General's Office because plaintiff has not offered any facts that would support a claim against this defendant.[2]

## III. Conclusion

Defendants' motion to dismiss is granted in its entirety and the complaint is dismissed.

**SO ORDERED**.

/s/ *Nina Gershon*
NINA GERSHON
United States District Judge

Dated: May 24, 2017
Brooklyn, New York

---

[2] Because I grant defendants' motion on the grounds identified above, I do not address their argument regarding the comity doctrine, which is based upon New York's statutory procedure for resolving tax disputes.